# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00260-CV

---

**R. M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY**
**NO. 24-0021-CPSC1, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

R.M. (Mother) appeals from the final decree of the trial court that terminated her parental rights to her son (Son), who was five years old at the time of trial. Mother contends on appeal that the evidence is legally insufficient to support the jury's finding, and the trial court's judgment rendered thereon, that termination of her parental rights was in Son's best interest. *See* Tex. Fam. Code § 161.001(b)(2). For the following reasons, we affirm the decree.

## BACKGROUND

In April 2024, the Department filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent–Child Relationship, supported by the affidavit of one of its Child Protective Services Investigators. The trial court shortly thereafter signed an order authorizing the emergency removal of Son from Mother's and

Father's home and appointing the Department as temporary sole managing conservator of Son.[1] The case proceeded to a five-day jury trial occurring March 24–28, 2025.

Twelve witnesses testified at trial, including Mother; Father; three Department caseworkers and investigators; law-enforcement officers; Son's therapist; Son's foster father; and Son's guardian ad litem, who was also his court-appointed special advocate (CASA). The trial court admitted documentary evidence including photographs of the family home and of Son and his parents; Mother's criminal records related to her 2011 conviction for sexual assault of a child (a second-degree felony), *see* Tex. Penal Code § 22.011(a)(2); a May 2024 psychological evaluation of Mother performed by Paula Floyd, PhD; a May 2024 psychiatric evaluation of Mother performed by Zia Uddin, MD; and a February 24, 2024 videorecording of two police officers' visit to the family home made in response to a domestic-violence call.

The jury heard testimony that police officers had been to Mother's and Father's home three times in response to domestic-violence calls, including the most recent visit for which the videorecording was admitted into evidence. Regarding the most recent call, Father claimed that Mother had kicked him in the stomach in Son's presence after an argument the parties had about Father's singing Mother the "Happy Birthday" song. The jury heard testimony about Mother's criminal conviction for sexual assault of her sixteen-year-old child in 2011, after which her parental rights to that child and to another teenager of hers were terminated. There was testimony about the termination of Mother's parental rights to two infants she had birthed since that time and about Son's spending the first year of his life with family members in a

---

[1] The trial court's decree also terminated Father's parental rights to Son pursuant to Family Code Subsection 161.001(b)(1)(O), but Father waived his right to appeal and thus has not filed a notice of appeal.

parent–child safety placement while Mother and Father worked services required by the Department.

The jury heard that the Department received four referrals about Son since December 2023, the last of which prompted its filing of the petition in this suit. The first referral involved allegations of unsafe and unsanitary conditions in the home; the second involved the February 2024 domestic-violence incident involving the birthday song; the third involved Father's showing up intoxicated in the morning at Son's school; and the fourth concerned Mother's mental health and included reports that she was bipolar and was not taking her prescribed medications or seeing any mental-health professionals. The jury heard testimony about Son's behavioral issues after his removal from the home and after his visitations with Mother and about his improvement in that regard as the case progressed and he bonded with his foster parents. The jury heard from Mother's therapist, who reported that Mother was experiencing paranoia or delusions, had regressed in therapy, and had a current "reactive" mental-health state, which could put Son in danger. The jury also heard testimony about Mother's failure to accept responsibility for her sexual-assault conviction, instead choosing to blame others. Although there was evidence that Mother had been working her required services, the jury heard from more than one witness that she had not appropriately addressed her mental-health issues. The jury heard the CASA testify that she did not believe Mother and Father could provide Son a safe and stable home and that it was in his best interest that their parental rights be terminated and that Son be adopted by his foster-family relatives.

## DISCUSSION

Mother challenges the legal sufficiency of the evidence to support the (D) and (O) grounds for termination of her parental rights but concedes there was sufficient evidence to

3

support termination on the (E) and (L) grounds. *See* Tex. Fam. Code § 161.001(b)(1)(D) (child endangerment through conditions or surroundings), (E) (child endangerment through conduct), (L) (prior conviction or community supervision for death or serious injury of child under enumerated Penal Code sections), (O) (failure to comply with provisions of court order establishing conditions to obtain return of child). However, because Mother does not challenge each of the predicate grounds and concedes that sufficient evidence supports one of the two endangerment grounds, we need not address her challenges to the predicate grounds. *See In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005); *L.C. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-20-00481-CV, 2021 WL 1148959, at *7 (Tex. App.—Austin Mar. 26, 2021, pet. denied) (mem. op.) (noting that because only one predicate finding is necessary to support termination, appellate court need not address predicate findings if appellant does not challenge each of such findings); *see also In re N.G.*, 577 S.W.3d 230, 236–37 & n.1 (Tex. 2019) (per curiam) (noting that appellate court must review (D) or (E) grounds when parent has presented such issue on appeal because of such findings' future consequences and that due process does not require review of other grounds if sufficient evidence supports (D) or (E) grounds). Mother also challenges the legal sufficiency of the evidence to support the jury's finding that termination of her parental rights was in Son's best interest. *See* Tex. Fam. Code § 161.001(b)(2).

As the Department correctly argues, however, Mother failed to preserve her appellate complaints. To preserve a legal-sufficiency challenge to a judgment rendered on a jury verdict, a party must (1) move for an instructed verdict, (2) move for judgment notwithstanding the verdict, (3) object to the submission of the relevant issue to the jury, (4) move to disregard the jury's answer to the relevant vital fact issue, or (5) move for a new trial. *B.S. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00279-CV, 2022 WL 16842084, at *2 (Tex. App.—

4

Austin Nov. 10, 2022, no pet.) (mem. op.) (citing cases); *see also* Tex. R. App. P. 33.1 (error-preservation rule). Nothing in the record shows that Mother properly preserved her issues by taking any of these requisite actions, and Mother does not dispute the Department's assertion that she did not take any of these actions to preserve her issues for appellate review. Furthermore, Mother has not raised any complaint that her trial counsel unjustifiably failed to preserve error through one of the above actions, nor is such failure apparent from this voluminous record. *Cf. In re J.P.B.*, 180 S.W.3d 570, 574 (Tex. 2005) (per curiam) (recognizing its prior holding that court of appeals "may" review factual sufficiency even if party failed to preserve error if parent has alleged that her counsel unjustifiably failed to preserve error, but noting that Court has "not extended this rule to the preservation of 'no evidence' points"); *B.S.*, 2022 WL 16842084, at *2 (noting that party may preserve factual-sufficiency challenge in jury trial only by filing motion for new trial).

Accordingly, Mother has failed to preserve her legal-sufficiency challenges and has waived those arguments. *See M.L. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00541-CV, 2023 WL 2025710, at *8 (Tex. App.—Austin Feb. 16, 2023, no pet.) (mem. op.); *B.S.*, 2022 WL 16842084, at *2–3; *see also In re K.A.F.*, 160 S.W.3d at 928 ("We have held that the rules governing error preservation must be followed in cases involving termination of parental rights, as in other cases in which a complaint is based on constitutional error."); *In re B.L.D.*, 113 S.W.3d 340, 350–51 (Tex. 2003) (holding that fundamental-error doctrine does not apply to procedural-preservation rules, nor does due process require appellate review of unpreserved complaints in termination cases, and allowing review of unpreserved issues would "undermine the Legislature's dual intent to ensure finality in these cases and expedite their resolution"). We overrule Mother's issues.

**CONCLUSION**

We affirm the trial court's final termination order.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed:   August 7, 2025

6